IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATSY M. SANDERS,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        CIVIL ACTION NO. 2:10cv996-WC
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

## I.      INTRODUCTION

Plaintiff, Patsy M. Sanders, applied for disability insurance benefits under Title II of

the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*.  Her application was denied at

the initial administrative level.  Tr. 42-47.  Plaintiff then requested and received a hearing

before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ issued a

decision in which he found Plaintiff not disabled from the alleged onset date through the date

of the decision.  Tr. 13-20.  The Appeals Council rejected Plaintiff's request for review of

the ALJ's decision.  Tr. 1-3.  The ALJ's decision consequently became the final decision of

the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129,

131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #12); Def.'s Consent to Jurisdiction (Doc. #13).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

-----

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-four years old at the time of the hearing before the ALJ.  Tr. 27.  Plaintiff completed the tenth grade.  *Id.*  Plaintiff's past relevant work experience was as a "clerk/secretary," "sander," and "terminator."   Tr. 28, 36, 95, 216.   Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since October 16, 2007, the alleged onset date." (Step 1) Tr. 15.   At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "back pain and diabetes mellitus."  Tr. 15.  The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ."  (Step 3) Tr. 15.   Next, the ALJ found that Plaintiff "has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. 404.1567(b)." Tr. 16.  The ALJ then found that Plaintiff "is capable of performing past relevant work as secretary, car dealer, light and semi-skilled, (DOT# 219.362-010) and sander, light and unskilled, (DOT# 761.784-0303).  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565)."  (Step 4) Tr. 19.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from October 16, 2007, through the date of this decision."  Tr. 20.

## IV.     PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this Court's consideration in determining whether the ALJ's decision is supported by substantial evidence: 1) whether "[t]he Commissioner's decision should be reversed[] because the ALJ failed to evaluate [Plaintiff's] obesity in accordance with Social Security Ruling 02-01p[;]" and 2) whether "[t]he Commissioner's decision should be reversed[] because the ALJ committed reversible error at step two of the sequential evaluation process."  Pl.'s Brief (Doc. #9) at 3.  The Court will address each of Plaintiff's arguments below.

## V.      DISCUSSION

### A.     *Whether the ALJ failed to evaluate Plaintiff's obesity in accordance with Social Security Ruling 02-01p.*

Plaintiff claims the ALJ committed reversible error because he "failed to evaluate [Plaintiff's] obesity in accordance with Social Security Ruling 02-01p." Pl.'s Brief (Doc. #9) at 3.  Specifically, Plaintiff argues that "[n]owhere in his administrative decision . . . did the ALJ explain how he reached his conclusion on whether [Plaintiff's] morbid obesity caused any physical or mental limitations as required [by SSR 02-1p]." Pl.'s Brief (Doc. #9) at 5. Plaintiff essentially argues that the ALJ did not adequately consider her obesity in formulating her RFC.  Defendant asserts that the ALJ adequately considered Plaintiff's obesity, and that his determination that she was not disabled is supported by substantial evidence.  Def.'s Brief (Doc. #10) at 6.

6

An ALJ must consider obesity as an impairment when evaluating disability.  *See* SSR 02-1P, 2000 WL 628049 (Sept. 12, 2000), at *1 ("[W]e consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability.").  However, while the ALJ has the responsibility to make a determination on Plaintiff's RFC, it is Plaintiff who bears the burden of proving her RFC, i.e., Plaintiff must establish that her obesity results in functional limitations and that she was "disabled" under the Social Security Act.  *See* 20 C.F.R. § 404.1512(a) & (c) (2011) (instructing claimant that the ALJ will consider "only impairment(s) you say you have or about which we receive evidence" and "[y]ou must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled"); *Flynn v. Heckler*, 768 F.2d 1273, 1274 (11th Cir. 1985).

Plaintiff did not mention obesity as a condition contributing to her physical limitations in her application for disability in October of 2008[5] nor did Plaintiff raise obesity as an issue at her administrative hearing before the ALJ in January of 2010.[6]  When her obesity was discussed during the hearing, it was discussed in the context of her diabetes and her thyroid

---

[5] In October 2008, Plaintiff's application lists the following as conditions that limit her ability to work:  "Diabetes, Pinched nerve in Spinal Cord, Pinched nerve causes leg to go to sleep, Damaged nerves in feet, High blood pressure, Inactive thyroid, Fainting due to low blood sugar. High cholesterole [sic]." Tr. 106.

[6] At the hearing, on January 29, 2010, Plaintiff indicated that "[h]er main problem is her back–a pinched nerve." Tr. 18, 29, 94, 106.  Additionally, Plaintiff's testimony during the hearing, as well as her attorney's inquiry, focused on her back problem. Tr. 29-30, 33-35.

problem.[7]  Tr. 31-32.  Nevertheless, Plaintiff now urges the Court to remand the case to the

ALJ for consideration of her obesity.  Plaintiff's sole argument consists of her assertion that

> [i]t is without question that [Plaintiff] suffers from the medically determinable
> impairment of obesity (Tr. 177, 244, 246, 250, 252 and 300).  In fact, the
> evidentiary record reveals that [Plaintiff] is morbidly obese weighing two
> hundred and fifty five (255) pounds at a height of five foot two inches (5'2")
> tall (Tr. 243-44 and 300).  This equates to a body mass index (BMI) of greater
> than or equal to 45 (Tr. 244, 250 and 252-253).

Pl.'s Brief (Doc. #9) at 3.  Beyond this discussion regarding her BMI, Plaintiff alleges no

facts and points to no evidence in the record to support her assertion that her obesity places

significant limitations on her ability to work.[8]  Additionally, the objective medical evidence

of record does not demonstrate that any treating or consultative physicians placed limitations

on Plaintiff due to her obesity.

  The ALJ relied on the medical evidence in the record in making a determination as

to Plaintiff's RFC.  It is clear from the record that there was sufficient evidence for the ALJ's

determination that Plaintiff could perform light work.  In so finding, the ALJ had before him

---

  [7] The ALJ found that Plaintiff suffers from the severe impairment of diabetes mellitus and
Plaintiff does not assert her thyroid problem as a severe impairment.

  [8] Under Social Security Ruling 02-1P, simple allegations with respect to BMI are not
enough to establish that a plaintiff's obesity is a severe impairment on her ability to work.
"There is no specific level of weight or BMI that equates with a 'severe' or a 'not severe'
impairment. Neither do descriptive terms for levels of obesity (e.g., 'severe,' 'extreme,' or
'morbid' obesity) establish whether obesity is or is not a 'severe' impairment for disability
program purposes. Rather, we will do an *individualized assessment of the impact of obesity on an
individual's functioning* when deciding whether the impairment is severe."  SSR 02-1P, 2000
WL 628049 (Sept. 12, 2000), *at 4 (emphasis added).

8

evidence that Plaintiff "stood up from sitting with ease and moved about with considerable agility. . . . She walked with a fluid, well-coordinated gait. She could walk on her heels and toes and could squat almost fully, at which time she complained of knee and back distress. She required some assistance in becoming erect" (Tr. 17; 217-18, Dr. Golomb's Disability Determination Report), that "[t]he strength of her major muscle groups . . .were all rated 5 out of 5" (Tr. 17; 218), and that "[s]he did not use an assistive device nor was one determined to be necessary." *Id.* Moreover, the Physical Residual Functional Capacity Assessment (Tr. 198-205), performed by Dr. Whitney in December of 2008, and with which Dr. Cross agreed (Tr. 206-207, Medical Consultant's Review of Physical Residual Functional Capacity Assessment), did not attribute any particular limitation to Plaintiff due to her obesity and rated Plaintiff at the light work restriction level (Tr. 16), indicating that Plaintiff may sit and stand and/or walk for 6 hours total in a day, and may occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, but can never climb ladders, ropes or scaffolds. Tr. 199-200. In April 2009, Dr. Golomb, a consultative examiner, also rated Plaintiff at the light work restriction level, concluding "that she is able to function at a productive level of work and perform work-related activities, at least in the light-work category." Tr. 16-17, 218. Given this evidence, there was no reason apparent in the record for the ALJ to attribute any additional functional limitations owing to Plaintiff's obesity.

Additionally, the ALJ's opinion explicitly indicates that he considered Plaintiff's obesity and makes reference to Social Security Ruling 02-1p by stating, "the undersigned has

considered the claimant's obesity, in exacerbating problems and functional limitations related to other impairments, as correlated with the possible effects that the obesity may have upon her ability to perform routine movement and necessary physical activity." Tr. 19. Thus, the ALJ satisfied his obligation under Social Security Ruling 02-1p.

Moreover, the Eleventh Circuit and other district courts within this circuit have found that an ALJ did not commit reversible error in circumstances similar to this case. *See, e.g.*, *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260 (11th Cir. 2009) (finding no error where the "record reflects that the ALJ considered [the claimant's] obesity[,] . . . the ALJ made specific reference to SSR 02-1p in his ruling [,]" and the medical evidence did not support "specific functional limitations" attributable to obesity); *James v. Barnhart*, 177 F. App'x 875, 877 n. 2 (11th Cir. 2006) (per curiam) (finding that the ALJ did not err in failing to find obesity to be a severe impairment where, during her own testimony at the administrative hearing, the plaintiff did not complain that obesity was a functional impairment); *Gary v. Astrue*, 2009 WL 3063318, at *2-3 (M.D. Ala. Sept. 22, 2009) (failure to mention obesity or explain conclusion as to whether obesity caused any physical or mental limitations did not provide basis for relief where the claimant identified no evidence in the record to support her position that the condition caused "significant limitations on her ability to work"); *Vickers v. Astrue*, 2009 WL 722273, at *14 (N.D. Fla. Mar. 18, 2009) (remand for failure to mention obesity was not required where the claimant did not show how his obesity impacted his ability to work); *Ingram v. Astrue*, 2008 WL 2943287, at *6 (M.D. Fla. July 30, 2008)

(finding that even though the claimant's weight was noted repeatedly throughout the record, the ALJ's failure to mention obesity or address it in accordance with SSR 02-1p did not constitute grounds for reversal where the claimant had not identified any evidence suggesting that his RFC was affected by his obesity); *Broz v. Astrue*, 2008 WL 1995084, at *15 (N.D. Fla. May 5, 2008) ("[B]ecause Plaintiff has not demonstrated that obesity reduced his functional capacity, the ALJ properly declined to consider it as part of his list of Plaintiff's severe impairments.").

Like the cases cited above, here, Plaintiff failed to explain how her obesity caused further limitations than those found by the ALJ and she did not identify any reliable medical opinions supporting limitations beyond those stated in her RFC resulting from her obesity. Consequently, she is entitled to no relief on this basis.

**B.**      ***Whether the ALJ committed reversible error at Step Two of the sequential evaluation process.***

Plaintiff's second argument asserts,

the ALJ determined at step two of the evaluation process that the only severe impairments impacting [Plaintiff's] ability to work was back pain and diabetes mellitus (Tr. 15).  In so finding, the ALJ committed reversible error by implicitly finding that [Plaintiff's] right knee pain, sleep apnea and fatigue were non-severe impairments.  Alternatively, the ALJ erred by failing to consider or provide any rationale thereto regarding these clearly defined medically determinable impairments.

Pl.'s Brief (Doc. # 9) at 7 (emphasis in original).

In order to show a severe impairment, Plaintiff bears the burden of demonstrating that

11

her problems significantly affect her ability to perform basic work activities. *See McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam). "[Plaintiff's] statements alone are not enough to establish that there is a physical or mental impairment." 20 C.F.R. § 404.1528(a) (2006). "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [Plaintiff's] statement of symptoms." 20 C.F.R. § 404.1508 (1991). Plaintiff failed to satisfy this burden.

Here, the ALJ found that the objective medical evidence did not support Plaintiff's claims of the severity of her symptoms (Tr. 19), and was inconsistent with Plaintiff's testimony of her functional limitations.[9]  For example, with respect to Plaintiff's right knee pain, Plaintiff reported problems with standing or walking for more than 30 minutes (Tr. 29-30), and indicated that if she has "to get up and stand or walk, [her pain level is] a 7 or more." Tr. 18, 33. She also alleged that she "can't stand at the sink to wash the dishes." Tr. 35. However, on April 29, 2009, she told Dr. Bell, who examined her for clearance for elective lap band surgery, that "she does walk a 30 minute mile 3x/weekly." Tr. 210. The ALJ also relied on evidence that "both legs [were] normal except for mild D[iabetes] M[ellitus] neuropathy" and that Plaintiff has no "pain prescription and no medication for DM foot pain." Tr. 16, 19; Tr. 199, Physical RFC Assessment performed by Dr. Whitney. Plaintiff's lack of treatment for her alleged knee pain and the absence of any mention of her

---

[9] Plaintiff does not challenge the ALJ's determination as to her credibility.

knee pain as a severe impairment by any of the examining physicians supports the ALJ's implicit finding that her alleged knee pain was not a severe impairment. Thus, Plaintiff's argument that her knee pain is a severe impairment must fail.

With respect to her allegations of sleep apnea and fatigue, her alleged fatigue is a symptom of her sleep apnea (Tr. 34), not an underlying physical condition. Both her sleep apnea and her resulting fatigue were discussed during her administrative hearing (Tr. 34, 36, 38-39) and in the ALJ's decision (Tr. 17-18). Additionally, "[t]he ALJ did not need to specifically address and reject [Plaintiff's] sleep apnea claim because [her] testimony showed that [her] sleep apnea was being controlled by use of a nocturnal nasal CPAP." *Hubbard v. Comm'r of Soc. Sec.*, 348 F. App'x 551, 554 (11th Cir. 2009); Tr. 18, 233-34, 238. *See also Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1197 (M.D. Ala. 2002) (finding that substantial evidence supported the ALJ's findings that Plaintiff's sleep apnea was non-severe and did not cause more than a minimal impact on Plaintiff's ability to function because Plaintiff's sleep problems were eliminated by a nasal CPAP); *Sellers v. Astrue*, 2010 WL 5579806, at *10 (N.D. Fla. Dec. 15, 2010) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." (quoting *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988))); *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling." (quoting *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004))). Moreover, as with Plaintiff's assertion that her obesity is a severe impairment, Plaintiff failed to indicate knee

13

pain, sleep apnea and fatigue as conditions that limit her ability to work on her initial application for benefits[10] and none of her examining or consultative physicians indicated that her alleged sleep apnea or fatigue limited her ability to perform light work. Thus, the record supports the ALJ's finding that Plaintiff's alleged sleep apnea and fatigue are not severe impairments.

Plaintiff failed to carry her burden of proving that she suffers from a severe impairment which precludes her from performing her past relevant work. Taking into consideration all the evidence on the record, both medical and non-medical, and Plaintiff's own testimony, it is clear that there was sufficient evidence on the record for the ALJ's determination that Plaintiff could perform light work. Thus, substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED. A separate judgment will issue.

Done this 28th day of October, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[10] *See supra* note 5 and accompanying text.

14